UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 MAR 26 PM 12:48

CLERK

BY ᴌᴀᴡ
DEPUTY CLERK

| | |
|---|---|
| JOHN CAHILL, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 2:24-cv-163 |
| DIANE F. CAHILL; COLLEEN CAHILL-VIEIRA[1]; JOSEPH BLANCHET; TONIA SCHMIDT; MARK PREBLE; LISA VOSE; WILLIAM SOULE, | ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY ORDER
GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND GRANTING LEAVE TO AMEND**
(Docs. 1, 1-3)

Plaintiff John Cahill, representing himself, filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 together with a proposed Complaint. (Docs. 1, 1-3.) He seeks to file a civil rights action against multiple defendants including his mother and sister. Because his financial affidavit satisfies the requirements of 28 U.S.C. § 1915(a), Plaintiff is granted IFP status. However, for the reasons set forth below, upon review under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's proposed Complaint (Doc. 1-3) is DISMISSED.

**I.   Allegations of Plaintiff's Proposed Complaint.**

Plaintiff's proposed Complaint consists of the form Complaint for Violation of Civil Rights (Non-Prisoner) together with attached copies of Vermont state court documents. *See* Doc. 1-3. Although his IFP documents name only Colleen Cahill-Vieira and Diane Cahill in the case caption, Plaintiff's Complaint additionally identifies Joseph Blanchet, Tonia Schmidt, Mark Preble, Lisa Vose, and William Soule as Defendants.

---

[1] The Clerk's Office is respectfully requested to correct the spelling of Defendant Vieira's name.

Plaintiff alleges that the "defendants conspired against me and make endless false all[e]gations. The NH police could see it was nonsense, which caused my relatives involvement shine." *Id.* at 6. His statement of claim is that, on August 19, 2022, at approximately 8:45 p.m., in West Lebanon, New Hampshire, "[t]he family of a previous massage therapist jumped in front of my moving vehicle in the dark, wearing darkly colored clothing, then attacked me because I stopped instead of running them over." *Id.* He asserts that "everyone saw what happened, then false police statements, which they even [captured] on police body camera footage[.]" *Id.* Plaintiff claims he "suffered multiple seizures while held in the NH state facility. They were going to release me on my own personal recogn[iz]ance. Instead, I had to wait for the legal shenanigans [to] play out, to leave w[ith] my own [money.]" *Id.*

To his proposed Complaint, Plaintiff attaches a Vermont state court form Complaint for Relief from Abuse and an affidavit in support both dated February 9, 2024. Plaintiff seeks "whatever they have compounded with jail time[.]" (Doc. 1-3 at 7.) On the civil case cover sheet, Plaintiff indicates his demand is $500,000,000 in damages.

**II.     Judicial Notice of Vermont Family Court Docket.**

The court takes judicial notice of the Vermont Superior Court docket in *Colleen Cahill-Vieira v. John Cahill*, Case No. 23-CV-03243, Orange Unit. *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (explaining "docket sheets are public records of which [a] court [can] take judicial notice").

The docket reveals that on July 27, 2023, Ms. Cahill-Vieira filed a civil Complaint against Plaintiff seeking possession of real property. On August 18, 2023, Plaintiff appeared and answered the Complaint. Following an eviction hearing on February 12, 2024, the same day that Plaintiff filed his IFP Application in this court, the state court granted eviction and a writ of possession and entered judgment for Ms. Cahill-Vieira.

### III. Conclusions of Law and Analysis.

#### A. 28 U.S.C. § 1915(e)(2)(B) Standard of Review.

Under the IFP statute, the court is required to conduct an initial screening of a proposed Complaint. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss the Complaint if it determines that the action is "frivolous or malicious[,]" fails to state a claim on which relief can be granted, or seeks monetary relief "against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam), "[d]ismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Additionally, if subject matter jurisdiction is lacking, the court cannot proceed further. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Consequently, all complaints must contain grounds for the court's subject matter jurisdiction as well as "sufficient factual matter[] . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.*; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**B.     42 U.S.C. § 1983.**

Under 42 U.S.C. § 1983, a claimant may bring suit against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected . . . [any] person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. The statute is "not itself a source of substantive rights" but rather provides "a method for vindicating federal rights elsewhere conferred[.]" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (internal quotation marks omitted). As a result, § 1983 occupies a position of "primacy" in providing a "basis for securing redress for constitutional violations." *Pauk v. Bd. of Trs. of City Univ. of N.Y.*, 654 F.2d 856, 865 (2d Cir. 1981).

To state a claim under § 1983, a plaintiff "must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (second alteration in original)). It is well settled that § 1983 "is to be read in harmony with general principles of tort immunities and defenses rather than in derogation of them." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976).

"A claim asserted against an individual in his [or her] official capacity . . . is in effect a claim against the governmental entity itself, rather than a suit against the individual personally, for 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]'" *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

**C.     Whether Plaintiff's Complaint States a Claim under 42 U.S.C. § 1983.**

Plaintiff's proposed Complaint does not identify a federal constitutional or statutory right that he claims Defendants violated. It also does not explain how any Defendant was acting under color of state law when the events described in the Complaint occurred. Moreover, Plaintiff does not include factual allegations specific to any Defendant in the Complaint. *See Terry v. N.Y.C. Dep't of Corr.*, 2012 WL 718555, at

4

*2 (S.D.N.Y. Mar. 6, 2012) (explaining "[i]t is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint" should be granted).

Because Plaintiff does not allege the essential elements of a § 1983 claim, or any other federal claim the court can discern, Plaintiff's proposed Complaint (Doc. 1-3) must be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6).

### D. Leave to Amend.

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once[.]" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). Accordingly, Plaintiff may file an amended complaint. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaint. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect") (brackets and internal quotation marks omitted).

An Amended Complaint must include Plaintiff's factual allegations in their entirety and must set forth the claims he alleges against each defendant and all the relief he seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of the grounds for the court's subject matter jurisdiction as well as a short and plain statement of each claim as required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and Plaintiff's original signature as required by Rule 11. For further reference, Plaintiff may consult the court's Representing Yourself as a *Pro Se* Litigant Guide, available on the court's website at www.vtd.uscourts.gov/filing-without-attorney-1 or contact the District of Vermont Clerk's Office for a self-represented party's informational pamphlet.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* (Doc. 1) is GRANTED; however, upon review under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's proposed Complaint (Doc. 1-3) is DISMISSED. Plaintiff is GRANTED leave to file a proposed Amended Complaint that will also be subject to review under § 1915(e)(2)(B), no later than April 26, 2024. Failure to do so shall result in dismissal of the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2024.

Christina Reiss, District Judge
United States District Court