UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

JOHN CAHILL,

    Plaintiff,

v.

Case No. 2:24-cv-163

DIANE F. CAHILL; COLLEEN CAHILL-VIEIRA; JOSEPH G. BLANCHET; TONIA SCHMIDT; MARK PREBLE; LISA VOSE; WILLIAM SOULE; BRIAN L. SPENCER,

    Defendants.

## ENTRY ORDER
## DISMISSING SECOND AMENDED COMPLAINT AND DISMISSING CASE
(Doc. 6)

A review of the docket in this case reveals the following:

1. On March 26, 2024, Plaintiff John Cahill, representing himself, was granted *in forma pauperis* status. However, his Complaint seeking to allege civil rights violations under 42 U.S.C. § 1983 against multiple defendants, including his mother and sister, was dismissed upon review under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff was granted leave to amend. (Doc. 2.)

2. On April 29, 2024, Plaintiff timely filed an Amended Complaint against many of the same defendants as well as one newly named defendant. (Doc. 4.)

3. On July 15, 2024, the court dismissed the Amended Complaint for lack of subject matter jurisdiction. Plaintiff was again granted leave to amend. (Doc. 5.)

4. On August 13, 2024, Plaintiff timely filed another amended pleading ("SAC") but failed to sign it. Plaintiff later corrected the deficiency. (Doc. 6.)

5. No further filings have been received as of the date of this Order.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). Federal courts "have an independent obligation to consider the presence or absence of subject matter jurisdiction[.]" *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). The party "asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).

Plaintiff's Amended Complaint was dismissed for lack of subject matter jurisdiction because it did not present a federal question and did not contain allegations supporting the court's exercise of diversity subject matter jurisdiction. Specifically, Plaintiff did not allege the citizenship of each defendant. As a result, the court could not exercise either federal question or diversity subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332. Plaintiff nonetheless was granted leave to file a Second Amended Complaint. *See Minard v. Pareto Partners*, 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) (explaining that, where the court raises the issue of subject matter jurisdiction *sua sponte*, "it is fair to allow plaintiff . . . to attempt to demonstrate that the parties are completely diverse").

Plaintiff has filed a SAC that does not present a federal question and fails to allege the citizenship of each defendant. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly established that diversity of citizenship 'should be distinctly and positively averred in the pleadings[.]'") (quoting *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)). Although Plaintiff alleges that Defendant Colleen Cahill-Vieira is a resident of Massachusetts, he does not specifically allege the domicile of any other Defendant or state where he is domiciled.[1] *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019)

---

[1] The SAC does not specifically allege the domicile of Defendant Diane Cahill, but it appears that she resides in the house from which Plaintiff was evicted in Vermont. *See* Doc. 6 at 2 ("I moved into my mother's house, which was located in Orange County, VT"). Plaintiff's notice of appearance lists his street address as Vermont and his mailing address as Massachusetts. If one defendant is domiciled in Massachusetts and another in Vermont, whether Plaintiff is a citizen of Vermont or Massachusetts, complete diversity of citizenship would be absent.

(explaining an individual's citizenship, for diversity purposes, is determined by the individual's domicile). Because the court cannot determine that complete diversity exists between Plaintiff and all Defendants, Plaintiff has failed to establish subject matter jurisdiction under 28 U.S.C. § 1332. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants").

Because the court lacks subject matter jurisdiction, the SAC must be DISMISSED without prejudice. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). In this case, the court has already granted leave to amend twice, and Plaintiff has not requested a further opportunity to amend his pleading. The court declines to grant a third leave to amend *sua sponte*. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004) (noting a district court does not "abuse[] its discretion in not permitting an amendment that was never requested").

## CONCLUSION

For the reasons stated above, upon review under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's SAC (Doc. 6) is DISMISSED and this case is DISMISSED. The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of October 2024.

Christina Reiss, Chief Judge
United States District Court